IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| MISTY ALEXANDRIA HOLMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-cv-2798-STA-tmp |
| | ) | |
| ISAAC COLEMAN, | ) | |
| CITY OF MEMPHIS, | ) | |
| MEMPHIS POLICE DEPARTMENT, | ) | |
| And CIRCLE K STORES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DISMISSING ALL CLAIMS AGAINST DEFENDANT COLEMAN AND
REMANDING REMAINING CLAIM TO STATE COURT**

Before the Court is the Joint Motion to Dismiss all claims against Defendant Isaac Coleman, filed November 17, 2014. (ECF No. 57). Although Holmes and Coleman agree to dismissal of all claims against Coleman with prejudice, remaining Defendant Circle K did not consent to the Joint Motion. Therefore, rather than filing a stipulation of dismissal, Holmes and Coleman seek dismissal of the claims by Court order. Despite its lack of consent to the Joint Motion, Circle K did not file a response in opposition to the Motion. Instead, Circle K filed its Motion for Summary Judgment on November 25, 2014. (ECF No. 58). For the reasons stated below, the Court **GRANTS** Holmes and Coleman's Motion for Dismissal under Federal Rule of Civil Procedure 41(a)(2). Furthermore, the Court declines to exercise supplemental jurisdiction over Holmes's only remaining claim—one against Circle K for common-law retaliatory discharge—and remands that claim to the Circuit Court of Shelby County.

1

**I. Procedural History**

On February 6, 2014, the Court denied as moot two motions to dismiss the Plaintiff's claims, which were contained in one complaint and two amended complaints. (ECF No. 30). In that Order, the Court struck the Plaintiff's pleadings and directed her to file one amended pleading containing all allegations and claims that she wished to present. The Plaintiff filed an Amended Complaint against the City of Memphis, Circle K, Isaac Coleman, and Memphis Police Director Toney Armstrong. (ECF No. 31). The Amended Complaint asserted claims of excessive force and false arrest/unlawful seizure under 42 U.S.C. § 1983; false imprisonment and negligence under the Tennessee Governmental Tort Liability Act; and battery, assault, intentional infliction of emotional distress, retaliatory discharge, and defamation. (*Id.*). The City and Armstrong filed a Motion to Dismiss, and Coleman and Circle K filed separate Motions to Dismiss. (ECF Nos. 32, 33, 34). The Court granted the City and Armstrong's Motion, denied Coleman's Motion,[1] and granted in part and denied in part Circle K's Motion. (ECF No. 40).

This left state and federal claims against Coleman and a state claim against Circle K. Holmes and Coleman filed their motion for dismissal by court order on November 17, 2015. (ECF No. 57). Circle K did not consent to the Motion but did not file a response in opposition to the Motion. Circle K then filed its Motion for Summary Judgment as to the retaliatory discharge claim on November 25, 2014. (ECF No. 58).

**II. Dismissal Under Rule 41(a)(2)**

Federal Rule of Civil Procedure 41(a)(2) provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that

---

[1] The Court treated claims against Armstrong and Coleman in their official capacities as claims against the City. *See* Order Granting the City of Memphis's Mot. to Dismiss, Denying Coleman's Mot. to Dismiss, and Granting in Part and Denying in Part Circle K's Mot. to Dismiss, at 5–6, ECF No. 40.

the court considers proper."[2]  The Court retains discretion to grant or deny a dismissal under Rule 41(a)(2).[3]  Furthermore, "if one of several defendants moves for a voluntary dismissal, and the plaintiff joins in the motion, the court may grant the motion under Rule 41(a)(2) over the objection of other defendants and need not treat the motion as one for summary judgment."[4]  Here, Circle K has not responded to the motion for dismissal, nor can the Court infer any prejudice that Circle K would suffer as a result of the dismissal of claims against Coleman.  Thus, Holmes and Coleman's Motion is **GRANTED**.  All claims against Coleman are dismissed with prejudice.

### III. Jurisdiction over Residual Claim

With no remaining claims against Coleman, the only claim left in the action is Holmes's common-law retaliatory discharge claim.  The Court exercised original jurisdiction over this action under 28 U.S.C. § 1331, as the cause of action was predicated on 42 U.S.C. § 1983.[5]  The Court exercised supplemental jurisdiction over the additional state-law claims under 28 U.S.C. § 1367(a) because they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States

---

[2] Fed. R. Civ. P. 41(a)(2).

[3] *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citing *Banque de Depots v. Nat'l Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974)).

[4] 8 Moore's Federal Practice § 41.40; *cf. Smoot v. Fox*, 340 F.2d 301, 302–03 (6th Cir. 1964) (noting that the court could find no case "where a plaintiff, upon his own motion, was denied the right to dismiss his case with prejudice. . . . A plaintiff should have the same right to refuse to offer evidence in support of his claim that defendant has.").

[5] *See* Am. Compl. at 8, ECF No. 31 (alleging a violation of 42 U.S.C. § 1983 against Defendants Coleman, Armstrong, and City of Memphis).  The Court later denied Coleman's Motion to Dismiss, and therefore a claim under 42 U.S.C. § 1983 against Coleman survived until today.

Constitution."[6] Under 28 U.S.C. § 1367(c), however, a court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction," among other justifications.[7] Subsection 1367(c)(3)'s grant of discretion to dismiss claims supported only by supplemental jurisdiction after all original-jurisdiction claims have been dismissed is a codification of a factor set forth in *United Mine Workers v. Gibbs*: "Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."[8] The Sixth Circuit has explained that "a federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims."[9] A court's exercise of "residual jurisdiction" is discretionary, but it is only proper "in cases where the 'interests of judicial economy and the avoidance of multiplicity of litigation' outweigh [the court's] concern over 'needlessly deciding state law issues.'"[10]

Therefore, the Court declines to exercise supplemental jurisdiction over the only claim remaining—Holmes's state-law claim of retaliatory discharge against Circle K. The Court previously dismissed federal claims against several other defendants and today dismisses all

---

[6] 28 U.S.C. § 1367(a).

[7] *Id.* § 1367(c)(3).

[8] *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *see* 16 Moore's Federal Practice § 106.66.

[9] *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) (citing 28 U.S.C. § 1367(c)(3); *United Mine Workers*, 383 U.S. at 726)).

[10] *Id.* (quoting *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1983)).

4

claims—including the only remaining federal claim—against Coleman.[11]  Although the parties have already briefed the state-law claim at the summary-judgment stage, the interests of judicial economy do not outweigh the Court's concern over "needlessly deciding state law issues."[12]  Furthermore, in declining to exercise jurisdiction over the residual claim under 28 U.S.C. § 1367(c)(3), the Court abides by the principles of federalism and comity.  The claim is thus **REMANDED** to the Circuit Court of Shelby County.

    **IT IS SO ORDERED.**

                                          s/ S. Thomas Anderson
                                          S. THOMAS ANDERSON
                                          UNITED STATES DISTRICT JUDGE

                                          Date:  March 3, 2015.

---

[11] *See* Order Granting the City of Memphis's Mot. to Dismiss, Denying Coleman's Mot. to Dismiss, and Granting in Part and Denying in Part Circle K's Mot. to Dismiss, ECF No. 40.

[12] *Moon*, 465 F.3d at 728.